1  Jeffery J. Carlson (SBN: 60752)
   Carlsonj@cmtlaw.com
2  J. Grace Felipe (SBN: 190893)
   Felipeg@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant,
   VITAL RECOVERY SERVICES, INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 TED HYDE,                        )  CASE NO.
                                    )
12            Plaintiff,            )  CV13- 6256 DSF (PLAx)
                                    )
13      vs.                         )
                                    )
14 VITAL RECOVERY SERVICES,         )  NOTICE OF REMOVAL
   INC.,                            )  BY FAX
15                                  )
              Defendant.            )
16                                  )
                                    )
17                                  )
                                    )
18                                  )
                                    )
19

20

21          **DEFENDANT'S NOTICE OF REMOVAL**

22       Defendant VITAL RECOVERY SERVICES, INC. hereby files this notice

23 of removal under 28 U.S.C. §1446(a).

24                     **INTRODUCTION**

25

26    1.    Defendant is TED HYDE ("Defendant"); Plaintiff is VITAL

27 RECOVERY SERVICES, INC. ("Plaintiff").

28
                            1
                     NOTICE OF REMOVAL

2.    Upon information and belief, Plaintiff initially filed this case on July 19, 2013, in the Superior Court of California, County of Los Angeles, Case No. 13K09965. A true and correct copy of Plaintiff's original Summons and Complaint is attached hereto as Exhibit "A."

3.    On August 6, 2013, Defendant was personally served with the Summons and a copy of Plaintiff's Complaint.

4.    As Defendant received Plaintiff's Complaint on August 6, 2013, Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b), and as extended via FRCP 6.  See *Wells v. Gateways Hosp. & Mental Health Ctr.*, 1996 U.S. App. LEXIS 2287 at *2 (9th Cir. Cal. Jan. 30, 1966).

5.    Defendant has already filed an Answer to Plaintiff's Complaint in the Superior Court of California, County of Los Angeles on August 26, 2013 a true and correct copy of Defendant's Answer that was filed is attached hereto as Exhibit "B."  The Defendant has not yet received a conformed copy of the Answer, and will send the conformed copy to this court as soon as it becomes available to Defendant.

## A.  BASIS FOR REMOVAL

6.    Removal is proper because Plaintiff's Complaint involves a federal question.  28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th

2

Cir. 1996). Specifically, Plaintiff has alleged claims that arise under 15 U.S.C. § 1692, *et seq.* and 47 U.S.C. § 227(b)(1)(A)(iii) for alleged violations of the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act. It is therefore an action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a). This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

9. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## B. JURY DEMAND

10. Plaintiff does not demand a jury in the state court action. Defendant demands a jury trial.

## C. CONCLUSION

11. Defendant respectfully requests removal of this action as it involves a Federal question under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 and the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii).

///

///

3

NOTICE OF REMOVAL

DATED:  August 26, 2013          CARLSON & MESSER LLP


                                 By: /s/ J. Grace Felipe_____
                                     Jeffery J. Carlson
                                     J. Grace Felipe
                                     Attorneys for Defendant,
                                     VITAL RECOVERY SERVICES, INC.

4

NOTICE OF REMOVAL

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VITAL RECOVERY SERVICES, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TED HYDE

*(FOR COURT USE ONLY)*
*(SOLO PARA USO DE LA CORTE)*
**COPY**
**ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 19 2013

John A. Clarke Executive Officer/Clerk
BY _____, Deputy
Anabella Figueroa

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Los Angeles | CASE NUMBER:<br>*(Número del Caso)*: 13 K 09965 |
|---|---|

111 North Hill St.
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

| DATE:<br>*(Fecha)* JUL 19 2013 | John A. Clarke | Clerk, by<br>*(Secretario)* Anabella Figueroa | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*: **Vital Recovery Services, Inc.**

under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278512)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 19 2013

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Anabella Figueroa

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
LIMITED JURISDICTION   13K09965

| | |
|---|---|
| TED HYDE, | Case No. |
| | COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT |
| Plaintiff, | |
| vs. | (Amount not to exceed $10,000) |
| VITAL RECOVERY SERVICES, INC., | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| Defendant. | 2. Violation of Fair Debt Collection Practices Act |
| | 3. Violation of Telephone Consumer Protection Act |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims

1  for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.*

2  (hereinafter "TCPA").

## II. PARTIES

2.    Plaintiff, TED HYDE ("Plaintiff"), is a natural person residing in Los Angeles county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.    At all relevant times herein, Defendant, VITAL RECOVERY SERVICES, INC. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.    On or about January 16, 2013, Plaintiff received three calls on his cell phone from Defendant within forty minutes. Defendant left two voicemails for Plaintiff. At least one of those voicemails contained a pre-recorded voice message.

6.    Defendant did not send anything in writing to Plaintiff regarding the alleged debt. Defendant did not notify Plaintiff of his right to request validation of the debt.

7.   On January 28, 2013, Plaintiff's counsel sent a written notice of representation and request for validation of the debt to Defendant. Defendant has failed to respond to that letter at this time.

8.   Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

    b)   Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

    c)   Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

    d)   Causing Plaintiff telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

    e)   Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)); and

    f)   Failing to provide Plaintiff with the notices required by 15 USC §1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a)).

9.   Defendant's conduct violated the TCPA by:

    a)   using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

10.   As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT

11.    Plaintiff reincorporates by reference all of the preceding paragraphs.

12.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages for willful and negligent violations;

    C.    Costs and reasonable attorney's fees,

    D.    For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF FAIR DEBT
### COLLECTION PRACTICES ACT

13.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages;

    C.    Costs and reasonable attorney's fees; and,

    D.    For such other and further relief as may be just and proper.

## <u>COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT</u>

14.    Plaintiff incorporates by reference all of the preceding paragraphs.

15.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

16.    As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

17.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

18.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

19.    Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully submits this amended complaint to reclassify the case from limited jurisdiction to unlimited jurisdiction as the demand amount is over $25,000.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B.    As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to  and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

C.  Any and all other relief that the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 10th day of June, 2013.

By:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 6

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
TELEPHONE NO: 877-206-4741   FAX NO: 866-633-0228
ATTORNEY FOR *(Name):* Plaintiff, Ted Hyde

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME:

CASE NAME:
Ted Hyde v. Vital Recovery Services, Inc.

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 19 2013

John A. Clarke, Executive Officer/Clerk
By_____, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 13K09965 |
|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 10, 2013

Todd M. Friedman
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach—Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court
      Case Matter
    Writ—Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (non-tort/non-complex)
    Other Civil Complaint
      (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Ted Hyde v. Vital Recovery Services, Inc. | CASE NUMBER 1 3 K 0 9 9 6 5 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 2-4 ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos – Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

SHORT TITLE: Ted Hyde v. Vital Recovery Services, Inc.

CASE NUMBER:

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons (See Step 3 Above) |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

SHORT TITLE: Ted Hyde v. Vital Recovery Services, Inc.

CASE NUMBER

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Ted Hyde v. Vital Recovery Services, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| | ADDRESS: |
|---|---|
| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 1026 Belmont Ave |

| CITY: Long Beach | STATE: CA | ZIP CODE: 90804 |
|---|---|---|

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: June 10, 2013 ___

___
(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

13 K 0 9 9 6 5

In re Los Angeles Superior Court Cases General )   Case No.:
Order – Limited Jurisdiction (Non-Collections)  )
Cases                                            )   GENERAL ORDER
                                                 )
                                                 )
                                                 )
                                                 )
                                                 )

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the

Los Angeles County Court Rules, the COURT HEREBY GENERALLY ORDERS AS

FOLLOWS IN THIS ACTION:

     1.     PLAINTIFF/S IS/ARE ORDERED TO SERVE A COPY OF THIS

GENERAL ORDER ON THE DEFENDANT/S WITH COPIES OF THE SUMMONS

AND COMPLAINT AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS

ORDER.  (Code Civ. Proc., § 594, subd. (b).)

     2.     The Court sets the following trial date in this case in Department 77 at the

Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

POS:  1  2 1  2014  TRIAL:   1  2 0  2015 OSC:   7  1 9  2016

TRIAL:
        Date: _____ at 8:30 a.m.

SERVICE OF SUMMONS AND COMPLAINT

     3.     The trial date set forth above is conditioned on the defendant/s being served

with the summons and complaint within six (6) months of the filing of the complaint.  The

GENERAL ORDER - 1

1  trial date will be continued to a later date if service is not accomplished within six (6)

2  months. The parties may stipulate to keep the original trial date even if service of the

3  summons and complaint is not completed within six (6) months of the filing of the original

4  complaint.

5          4.      The summons and complaint shall be served upon the defendant/s within three

6  (3) years after the complaint is filed in this action.  (Code Civ. Proc., § 583.210, subd. (a).)

7

8  Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved

9  parties who have not been dismissed as of that date.  (Code Civ. Proc., § 581, subd. (b)(4).).

10  The dismissal as to the unserved parties, without prejudice, for this case shall be effective on

11  the following date:

12

13      ┌─────────────────────────────────────────────────┐
14      │        UNSERVED PARTIES DISMISSAL DATE            │
15      │                                                   │
16      │   POS:   1  21  2014 TRIAL:   1  20  2015 OSC:  7  19  2016 │
17      └─────────────────────────────────────────────────┘

18          5.      No Case Management Review (CMR) will be conducted in this case.

19                          LAW AND MOTION

20          6.      All regularly noticed pre-trial motions will be heard in Department 77 on

21

22  Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m.   Motions will require parties

23  to reserve a hearing date by calling (213) 974-6247.   All motions should be filed in Room

24  102 of the Stanley Mosk Courthouse.

25          7.      Tentative rulings may be posted on the Court's internet site at

26

27  http://www.lasuperiorcourt.org/tentativeruling the day prior to the hearing.

28

GENERAL ORDER - 2

## EX PARTE APPLICATIONS

8.       Ex parte applications should be noticed for 1:30 p.m. in Department 77. All applications must be filed by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

## JURY FEES

9.       The fee shall be due no later than 365 calendar days after the filing of the initial complaint. (Code Civ. Proc., § 631, subds. (b) and (c).)

## STIPULATION TO CONTINUE TRIAL

10.      A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the Stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77. The stipulation and order should be filed in Room 102 of the Stanley Mosk Courthouse with the required filing fees. (Code Civ. Proc., § 595.2 and Govt. Code § 70617, subd. (c)(2).)

## TRIAL

11.      Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the day of trial the Parties shall bring with them to Department 77 all of the following:

    i.       Joint Statement of the Case;

    ii.      Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court (LASC), see local rule 3.57;

    iii.     Joint Witness List disclosing the witnesses who will be called what they will testify to, and how long their testimony will take;

    iv.      Joint Exhibits in exhibit books, numbered appropriately, and Exhibit List;

v.   Joint Proposed Jury Instructions printed out for the court; and

vi.   Joint Proposed Verdict form(s) printed out for the court.

12.   **FAILURE TO COMPLY WITH ANY REQUIREMENT SET FORTH IN PARAGRAPH 11 ABOVE MAY RESULT IN SANCTIONS OR THE VACATING OF THE TRIAL DATE.** (Los Angeles Superior Court Local Rule 3.37.)

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

DATE: March 13, 2013

Hon. Stephanie Bowick
Judge of the Superior Court

GENERAL ORDER - 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE PROCEDURES & REQUIREMENTS LIMITED CIVIL
(NON-COLLECTION)ACTIONS

Case Number: _____

<u>THIS FORM WILL BE POSTED IN THE COURTROOM AND ON THE COURT'S WEBSITE</u>

LIMITED JURISDICTION CASE MANAGEMENT PROCEDURES AND INSTRUCTIONS

**The following critical provisions, as applicable in the Central District are cited for your information:**

<u>TIME STANDARDS:</u>

**COMPLAINTS:** All complaints should be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed (Code Civ. Proc. §428.50).

<u>DEFAULTS:</u> (Local Rule 9.10, Cal. Rules of Court, rule 3.110(g)). If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff should file a Request for Entry of Default within 10 calendar days after the time to respond has elapsed. The plaintiff should request default judgment on the defaulting defendants within 40 calendar days after entry of default. Requests for entry of default judgments will only be considered based upon written submissions.

<u>NOTICED MOTIONS:</u> All regularly noticed pre-trial motions will be heard in the Limited Civil Courtroom on Mondays, Tuesdays, Wednesdays and Thursdays at 8:30 a.m. and will require parties to reserve a hearing date in Department 77. Motions for Summary Judgment must be identified at the time of reservation. All motions should be filed in Room 102. Tentative rulings may be posted on the Court's internet site, http://www.lasuperiorcourt.org/tentative ruling, the day prior to the hearing.

<u>EX-PARTE MATTERS:</u> All pre-trial ex-parte applications should be noticed in the Limited Civil Court, Department 77 for 1:30 p.m. Ex parte appearance applications for Department 77 will be heard daily and must be filed by 1:00 p.m. daily in Room 102 on the day of the hearing.

<u>UNINSURED MOTORISTS CLAIMS:</u> Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court, identifying the case as an uninsured motorist claim under Insurance Code section 11580.2

2/7/13

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

      discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 35 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

               (INSERT DATE)                    (INSERT DATE)

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      _____
      (TYPE OR PRINT NAME)                   (ATTORNEY FOR PLAINTIFF)
Date:

_____      _____
      (TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)
Date:

_____      _____
      (TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)
Date:

_____      _____
      (TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)
Date:

_____      (ATTORNEY FOR _____ )
      (TYPE OR PRINT NAME)
Date:

_____      (ATTORNEY FOR _____ )
      (TYPE OR PRINT NAME)
Date:

_____      (ATTORNEY FOR _____ )
      (TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon
           method of service that ensures that the opposing party receives the Answer no
           later than the next court day following the filing.

  c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will
       be accepted.

  d.   If the Court has not granted or denied the Request for Informal Discovery Conference
       within ten (10) days following the filing of the Request, then it shall be deemed to have
       been denied.  If the Court acts on the Request, the parties will be notified whether the
       Request for Informal Discovery Conference has been granted or denied and, if granted,
       the date and time of the Informal Discovery Conference, which must be within twenty (20)
       days of the filing of the Request for Informal Discovery Conference.

  e.   If the conference is not held within twenty (20) days of the filing of the Request for
       Informal Discovery Conference, unless extended by agreement of the parties and the
       Court, then the Request for the Informal Discovery Conference shall be deemed to have
       been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired
   without the Court having acted or (c) the Informal Discovery Conference is concluded without
   resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other
   discovery motion is tolled from the date of filing of the Request for Informal Discovery
   Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the
   filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended
   by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery
   dispute to which it applies, constitute a writing memorializing a "specific later date to which
   the propounding [or demanding or requesting] party and the responding party have agreed in
   writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and
   2033.290(c).

6. Nothing herein will preclude any party from applying ex parte for appropriate relief, including
   an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to
   terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted.  If the date for performing
   any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time
   for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| | | |

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

▷ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

▷ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

▷ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

▷ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

▷ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

▷ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

▷ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. **For an Answer to Request for Informal Discovery Conference, briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
</table>

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____ )

THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )    ss.
COUNTY OF LOS ANGELES        )

1

2          I am employed in the County of Los Angeles, State of California.

3          I am over the age of eighteen years and not a party to the within action.  My business address
4   is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA  90045.

5          On **August 26, 2013**, I served the foregoing document(s) described as: **CIVIL COVER
    SHEET; NOTICE OF REMOVAL; CERTIFICATION AND NOTICE OF INTERESTED**
6   **PARTIES** on all interested parties in this action by placing a true copy thereof enclosed in a sealed
    envelope addressed as follows:

7                          **SEE ATTACHED SERVICE LIST**

8   **[X]**    **BY MAIL**:  I sealed such envelope(s) and placed it (them) for collection and mailing on this
9          date following the ordinary business practices of Carlson & Messer LLP.  I am "readily familiar"
           with the business practices of Carlson & Messer LLP for collection and processing of
10         correspondence for mailing with the United States Postal Service.  Such correspondence would
           be deposited with the United States Postal Service at Los Angeles, California this same day in
11         the ordinary course of business with postage thereon fully prepaid.

12  **[ ]**   **ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service
           by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the
13         electronic mail addresses listed below (see attached service list).  I did not receive within a
           reasonable time after the transmission, any electronic message or other indication that the
14         transmission was unsuccessful.

15  **[ ]**   **PERSONAL SERVICE BY HAND:** I personally served such document to address stated on
           POS Service List.
16
    **[ ]**   **BY FACSIMILE**- I transmitted via telecopier machine such document to the offices of the
17         addressees.

18  **[ ]**   **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the
           above is true and correct.
19
    **[X]**   **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court
20         at whose direction the service was made.

21         Executed this **26th** day of **August, 2013**, at Los Angeles, California.

22

23                                          Kathryn A. Brown

24

25

26                                          1
                                    PROOF OF SERVICE

<u>**Ted Hyde v. Vital Recovery Services, Inc.**</u>
**File No.: 07626.00**

1  Todd M. Friedman                    **Attorneys for Plaintiff:**
   Nicholas J. Bontrager                **TED HYDE**
2  Suren N. Sweerasuriya
   **LAW OFFICES OF TODD M.**
3  **FRIEDMAN, P.C.**
   369 S. Doheny Drive, Suite 415
4  Beverly Hills, California 90211
   Tele: (877) 206-4741
5  Cell: (310) 429-9293
   Fax: (866) 633-0228
6  Email: tfriedman@attorneysforconsumers.com
   Email: nbontrager@attorneysforconsumers.com
7  Email: sweerasuriya@attorneysforconsumers.com
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

2
PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Dale S. Fischer_____ and the assigned Magistrate Judge is _____Paul L. Abrams_____ .

The case number on all documents filed with the Court should read as follows:

### 2:13CV6256 DSF PLAx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____August 26, 2013_____
Date

By _J.Prado_____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES